All right, our next case this morning is Integrated Associates v. Pope. We also have Integrated Associates of Denver v. Pope, but the first one is number 21-1019. And just for the record, the second one is 21-1319. We'll start with the first case. Counsel, you may proceed. Thank you, Your Honor. I would like to reserve three minutes of my time for rebuttal. May it please the Court. My name is Jennifer Gokenbach, and I represent the appellants in this case, the Integrated Associates and the Integrated Associates of Denver. These are parties I've represented since the beginning of this dispute with the appellee Ryan Pope, which came about in 2016 as a result of the initial lawsuit that was filed by the appellee in state court. The appeal before you is focused narrowly on whether the—that case filed in 2016—let me back up—ultimately ended up going to an arbitration proceeding. And I'm going to talk to you more about some of the specific factual events that occurred prior to that proceeding. But the appeal before you today is focused narrowly on whether the arbitrator's ultimate award of damages in the arbitration, including penalties and attorney's fees under the Colorado Wage Act, was in excess of the arbitrator's authority under Section 10A4 of the Federal Law. Well, isn't there a distinction to be made between an attempt by a third party or a second party to compel arbitration of a wage claim and when the person himself or herself agrees to go to arbitration on that wage claim? Because one is a lawsuit, one is an arbitration claim. Sure. And in this case, as I understand it, you all initially sought to compel arbitration on everything. And he raised the statute that, well, you can't do it on my wage claim. And the court upheld that. Correct. Yeah. So the rest of it goes to arbitration. And then he says, OK, now you can—I'll throw my wage claim into the same deal. So what's the problem there? Well, it was a decision reached based on a particular statute and a particular set of facts. Correct. But now we've got a different set of facts. We've got an arbitration proceeding going, and we have the person, Mr. Pope, says, well, go ahead and take my wage claim in as part of it. Sure. Now, why shouldn't he be able to do that? Because of what Mr. Pope essentially asserted in the arbitration with respect to that wage claim. No, he asserted in the suit to compel that you can't get him into court in a lawsuit on a wage claim because it's exempted by statute. Isn't that correct? Correct. He argued to Judge Kain that he is not—that claim is not subject to arbitration because he has non-waivable rights under the Colorado Wage Act. And so Judge Kain agreed and said, I agree, the wage claim is exempt from arbitration and not subject to arbitration, but your other seven claims are subject to arbitration. Right. The way this case became complicated or rather unusual is when Mr. Pope unilaterally decided to dismiss the wage claim that he had pending before Judge Kain. There was no agreement between the parties with respect to that dismissal. That came as a unilateral action by Mr. Pope. Then there was nothing proceeding at all. Before Judge Kain. There was nothing. He dismissed his wage claim with Judge Kain. There had not yet been a demand for arbitration filed, so there was nothing pending. Then eight months later, he files a demand for arbitration, which is essentially a copy of his complaint that was filed, plus an additional claim for specific performance for 33 percent of my client's entities. And of course, I'm not representing to this court that my clients opposed arbitration. We wanted to go up to arbitration, which is what we argued. Then why isn't your argument waived? Why isn't this argument waived? Why isn't our argument waived? And that's what I'm getting to. You can't go through arbitration, even if Judge Kelly wasn't absolutely right that there were different issues. One was mandatory arbitration against the party's will, and the other is voluntary arbitration. But even if that weren't the case, you can't participate in an arbitration and then after you get an award you don't like, say the arbitrator didn't ever have jurisdiction over the claim. So my response to that is really two parts. The first part is there are facts in this case that I included in the briefs that evidence that although the respondents were willing to proceed to arbitration, they asserted counterclaims against Mr. Pope. And one of those counterclaims was frustration of the arbitration process, because that was a contractual provision in the agreement at issue. And then in response to that claim, Mr. Pope filed a reply. And in that reply, he said, well, I'm not exposed or liable to any damages for frustration of the arbitration process, because Judge Kane agreed with me. And he attached a copy of Judge Kane's order saying the wage, which essentially said the wage claim was not subject to arbitration. By you, by a third party, or by somebody against the wager. OK. That's the statute. Well, I'm interpreting Judge Kane's order, his order which says not that Mr. Pope possesses a right to decide whether or not he wants to go to arbitration. Judge Kane's order, the plain language of the order says the wage act claim is not subject to arbitration. It is exempt from arbitration because of the statute that of the Colorado Wage Act, the section 84121, which says any agreement written or oral by an employee purporting to waive or modify such employee's rights in violation of this article shall be void. So Judge Kane cited not that Mr. Pope possesses, you know, a right to, excuse me, I'm going to get, Judge Kane's order in my reading of it doesn't say that Mr. Pope possesses the right to decide whether or not he wants to go to arbitration on the claim. And my reading of Judge Kane's order is far more expansive than that. And that's the basis for this appellate issue is that that was a final decision by Judge Kane and it wasn't, it didn't get changed on appeal by either party. Well, I thought that the decision was that you could not force the employee to arbitration on a wage claim. No, Mr., that's not my reading of Judge Kane's order. No, that's what Judge Kane said. That's what the statute says. That's, that, I don't see that anywhere in Judge Kane's order. All I see in Judge Kane's order is that the statutory wage claim is not subject to arbitration, is exempt from arbitration. And he cites the Lambden case, which is the Colorado Supreme Court case addressing it. And he cites to Section 84121, which says any agreement written or oral purporting to waive the rights under the statute. The rights of who? The rights of the worker. Right, any agreement written or oral by any employee purporting to waive or modify such rights in violation of this article. And so my position isn't so much about whether that order by Judge Kane is correct or not, but that is the order that governs the parties in this case. And unless that order was modified on appeal. Judge Kane wasn't faced with this issue. This wasn't a case where the wage owner was voluntarily trying to arbitrate a wage claim. That wasn't what the judge was looking at in quote one. The judge was considering, as Judge Kelly has said, whether you can force a wage earner into arbitration against his will under the statute. And the court said you can't. That has nothing to do with the subsequent arbitration proceedings where you went ahead with the arbitration that was voluntarily filed by Mr. Pope. And then after you got a decision, you said it's beyond the scope of the arbitrator's jurisdiction. And the reason that we've taken that position is based on our reading of the Pope order, not based on, I guess. Even if you were correct on the Pope order, which it sounds like at least two of the panel think you're not, you still have a huge waiver problem. You participated in the arbitration all the way through to a decision you didn't like before you challenged the arbitrator's jurisdiction. And so I would like to address that. Because as this court knows in the US Supreme Court decisions and in first options, in other cases as well, if you put the issue of arbitrability before the arbitrator, then potentially you are consenting to the arbitrator deciding that gateway arbitrability issue, which in this case was decided pre-arbitration. So there's a problem and a complexity in raising that a claim that was previously ruled non-arbitrable, that we want the arbitrator not to arbitrate that claim or decide whether or not to arbitrate that claim. Instead, both parties put Judge Kaine's order in front of the arbitrator. And the arbitrator, for some reason, just concluded that all of the claims were subject to arbitration. But as I stated, Mr. Pope himself argued in his pleadings to the arbitrator that res judicata applies to essentially immunize him from any assertion or claim that he frustrated the arbitration process, which led to 17 months of litigation or 17 months of nothing before arbitration. Counsel, Mr. Pope, on this very issue, Mr. Pope cited a case in his briefing, Clay v. United Health Group, and pointed to, in a brief footnote, it says, an important point is that it's used in this opinion district court's order. The term non-arbitrable simply refers to a claim that a plaintiff cannot be compelled to arbitrate. It does not necessarily mean that arbitration of such a claim is prohibited or illegal. The party may attempt to arbitrate a non-arbitrable claim. But if this is done without the other party's consent, the result is a legal nullity. But here, your client consented to have this arbitrated because Mr. Pope said, you know, I think let's just do it all. I want the wage claim part of the arbitration. And then your client went through the arbitration, litigated the issue. Why doesn't that resolve this? And could you speak to this particular case? Sure. In the Clay case, and in particular in that footnote, I mean, that Clay case involved physicians who were suing a whole host of parties, Prudential, insurance companies, Cigna, and then a whole host of additional third parties that were not parties to the actual agreements that had the arbitration provision. So they had RICO claims and they had conspiracy claims. They had aiding and abetting claims that were being asserted against both parties to the arbitration agreement itself and non. Could you speak to the footnote, which essentially says that someone standing in Mr. Pope's shoes, if he consents to arbitration, then the issue can be arbitrated. And the way I would respond to that is, again, by going back to the Judge Kaine order, which governs this case, which says that essentially an arbitration agreement cannot be made between an employee and an employer to arbitrate a wage claim. Because according to at least my reading of Judge Kaine's order, the right... But you brought a motion to compel. Correct. To arbitrate. But we lost on that in front of Judge Kaine. So that's why his decision governs. We lost that argument. We didn't lose on the wage claim. We lost the argument. Yes, Judge Kaine ruled against us on our motion to compel. He said the wage claim is not subject. Okay. I had that backwards. But all he said is that Mr. Pope can't be compelled. And I would say that language of his order does not say that. How about the language of your motion? It was a motion to compel. Correct. Which I understand, you know, presents an argument of equitable estoppel because we argued that before Judge Kaine. But because Judge Kaine ruled against us and entered a final order, that is somewhat like judicial estoppel. I mean, our prior argument doesn't trump the fact that we lost that argument before Judge Kaine, and therefore his order rules this issue that is between the parties and continues forward. I understand her position. Your time is up. I think your time is up. It is. I'm in the red. Thank you. And we would ask that this court vacate the arbitration award with respect to the wage act damages. Good morning. May it please the court. I'm Matt Molinaro, appearing on behalf of the appellee, Ryan Pope. Integrated associates in this case demanded that Mr. Pope arbitrate his wage claim. Ultimately, after the court held that he could not be compelled to arbitrate his wage claim, he acquiesced and in the instance of efficiency, chose to bring his wage claim before the arbitrator. He voluntarily submitted his claims to arbitration, and he partially prevailed at arbitration. Integrated associates cannot now change course and seek to overturn the decision on the basis of lack of jurisdiction when it participated in full. It didn't raise the argument in response to the demand for arbitration. It didn't raise the argument before the arbitration hearing itself started. And it would have been simple to raise the issue at any point, and that may have been sufficient to preserve it for review. But they opted to totally omit it from the arbitration at all. Counsel, what do you do with the language from the district court's ruling on the motion to compel the wage claim was quote-unquote exempt from arbitration? I think that's what counsel is, or at least one of the things that counsel is focusing on. Could you speak to that? Yes, Your Honor. I think the other language in Judge Kain's order is instructive. Towards the end of the opinion, Judge Kain used the phrase that Mr. Pope is guaranteed a right to a trial in court. In the same way a criminal defendant may be guaranteed a right to counsel, that doesn't mean the criminal defendant cannot waive the right to counsel. It means that they are permitted an attorney if they so choose, and there's no distinction here. In terms of being exempt, I don't see a distinction with that phrasing. I think what that would mean is that it's exempt from being compelled to arbitrate, and I think that was what Judge Kelly was hitting on before, is that there's a pretty big distinction between being compelled to arbitrate and electing arbitration. In her oral argument here, Ms. Gokenbach called Mr. Pope's decision unilateral, but it was nothing of the sort. Integrated Associates, again, had every opportunity to oppose that decision during the arbitration itself. There's no evidence that they did anywhere in the record. I think the other big distinction that's important here is who picks to assert the right, and it's Mr. Pope's right to assert his right to trial. It's not for Integrated Associates to assert his right after the fact, and there's nothing that suggests that an employer can basically get the benefit of having a second trial on the basis that the employee had previously tried to oppose arbitration. There's no authority that suggests an employer can assert the employee's rights, and under the Colorado Wage Claim Act, I'm not aware of any authority that supports that. And again, the Landon case, that's the Colorado Supreme Court case that is cited by Judge Kane, states that the defendant in that case could not compel, cannot be enforced, sorry, let me start that over. The language of that case is that the employee could not be compelled to arbitrate. The opinion says that the decision, the Wage Claim Act, quote, allows Landon to litigate rather than arbitrate. It continues on that the arbitration agreement and the Wage Claim Act cannot be enforced against the employee, and because Judge Kane relied on that opinion, it's clear that he is also applying Landon in the same way. Look, counsel, I have a question that's sort of off the brief here. How does the federal court have jurisdiction in this case? I'm not sure I understand the question. In what sense? In the sense that I don't know that there's diversity, and I don't think that under the Arbitration Act, the enforcement provision, the court can guess them by gosh that there is diversity, and if there's no diversity, there's no jurisdiction. It's my memory that the Federal Arbitration Act creates the federal question that confers jurisdiction on the federal court. Well, I think that's not correct. Oh, okay. Unless there's a federal question, either a federal question or diversity. And what's the federal question? And this might flow over into the other case. I'm just not sure, but I think you're all going to be arguing that also. Well, I don't think that's an argument that was brought up, and I don't think I was particularly prepared to discuss that issue today, and I think that's the answer. We could submit a supplemental briefing on that issue. That's something we must look at from our own standpoint. Appellant is the one who removed this case to federal court. Mr. Pope did not initially file in federal court. Sorry. There were two separate actions. Mr. Pope initially filed an action to enforce the arbitration agreement in state court that was removed by appellant. Right. Appellant filed this one directly in federal court. Well, now we're here on a petition to modify or set aside the award, and I think there's got to be jurisdiction, not from the beginning, but at least for this point. Sure. I don't, off the top of my head, can think of, I don't believe there's any claims that implicate a federal question. I believe the claims were garden variety, breach of contract, and under the Colorado Wage Claim Act. Okay. And the court briefly referenced Clay during Ms. Gokenbach's oral argument, and I want to clarify that Clay was a case that was cited by appellants. Appellants attempted to rely on Clay as their best and primary case in their briefing on this issue, but as Judge Matheson observed, the footnote's very clear that Clay does not support appellant's position, and actually, in fact, supports Mr. Pope's opinion. I'd also note that the Clay decision, even if the court were inclined to rely on it to support an appellant's argument, it's out of circuit and non-binding authority. There is on circuit binding and dispositive authority, mainly in the form of the Lewis v. Circuit City case. The Lewis v. Circuit City case directly addressed the question of whether an employee may waive their right under a no-waiver statute, in the same way that was at issue with Mr. Pope. It squarely held that the employee gave up that right by fully participating in the arbitration. And appellant's standard would create an absurd result here, where the employer then has a greater right to insert the employee's right after arbitration than the employee. Lewis instructs that Mr. Pope has no ability to participate in the wage claim and then bring an appeal afterwards to disclaim the arbitration because he lost. It is important to note that he did partially lose on his wage claim in this action. He didn't get all of the wages that he asked for. He didn't get all of the penalties that he asked for. And yet he did not bring an appeal seeking to set aside the judgment so that he'd get a second chance for a better claim because the Tenth Circuit law is clear and dispositive on this point. The best language from Lewis just points to the equities of the situation, that it would be unreasonable and unjust to allow a party to challenge the legitimacy of the arbitration process in which they voluntarily participated over a period of several months. What's happened here is precisely what Lewis prohibits. The appellant waited until it lost their arbitration to reveal its objections. There is no supporting language for it. There is no supporting authority for that conclusion. It solely depends on what is a misinterpretation of Judge Kane's order. Judge Kane's order did not decide the issue that is presented here, whether appellant, the former employer, can assert Mr. Pope's rights. It did not foreclose Mr. Pope's ability to consent to arbitration by participation. There's a distinction between Mr. Pope participating in arbitration and a prospective waiver in the contract that would compel arbitration. Again, the compel mandatory decision is the one that Judge Kane decided. He did not decide whether Mr. Pope could fully participate in the arbitration and thereby waive his wage claim. And I think it also bears attention that appellants started with four different arguments here against the arbitration award. It asked the court to review on mere evidentiary error that the arbitrator admitted what is a demonstrative exhibit summarizing Mr. Pope's damages. There's nothing in the record to support that exhibit was even timely objected to, what the exhibit itself looks like, or what the underlying discovery responses looked like in terms of its support. The record is quite bare on that point, even if this court were inclined to accept it. And I think that's what's particularly compelling about the district court's order below. It clearly states that appellants didn't actually even prove evidentiary error in this case. Now, this is on the issue of modification. Sure. I think they're all intertwined, and it's alluded to in the brief, and I just wanted to be clear that those issues are so clearly in Mr. Pope's favor. And that's important because this lack of jurisdiction argument was a very small portion of the initial motion to vacate. It's a new argument that has largely been constructed after the district court denied appellants' motion to modify or vacate the arbitration report. I think the bottom line here is that appellants clearly waived their right to object to the subject matter jurisdiction of the arbitrator. Subject matter jurisdiction is not even an appropriate phrase to use because, as Judge Kelly stated, that's something a federal court must assure itself of at all times. It is not something that an arbitrator must assure itself of at all times. There's no basis for an arbitrator to raise that issue without the parties requesting it. It would be simply unjust to allow appellants to now seek reversal of Mr. Pope's wage claim victory just because they lost. They sat idly by and waited until Mr. Pope won to pull this trump card out of their pocket. Has Mr. Pope sought to confirm the award in this case? Yes. And is that like a counterclaim here? Well, as I stated here originally, what happened here is a procedural background of this case is a bit messy. He filed first with the motion to confirm in state court. We're well past that. Now we've got an arbitration and a decision in Mr. Pope's favor, and we have a motion in this court or in the district court to modify or reverse the arbitrator's decision. Now, did Mr. Pope, has he got a counterclaim to confirm the award that he received? He did not bring it as a counterclaim in this action because the motion to confirm is in a separate action. Okay, where is that pending? That is also in the district court of Colorado. We requested that the case be… It's in the district court where? The district court of Colorado here. Federal district court or state court? Yes, that's correct. Okay. But that's not before us at this point. That's correct, Your Honor. That case has stayed pending the outcome of this appeal. Okay. And unless the panel has any further questions, I'll yield the rest of my time. Thank you. Thank you, counsel.